**CITY OF RICHARDSON, Petitioner,**

v.

**David KAPLAN, Respondent.**

**No. B–1238.**

Supreme Court of Texas.

Feb. 19, 1969.

Rehearing Denied April 2, 1969.

Saner, Jack, Sallinger & Nichols, H. Louis Nichols, Dallas, for petitioner.

Hoppenstein & Prager, Dallas, for respondent.

PER CURIAM.

The district court granted a writ of temporary injunction enjoining the City of Richardson and its attorneys, agents, servants and employees from enforcing a penal ordinance of the City of Richardson against the respondent David Kaplan and from filing criminal charges against him. The court of civil appeals affirmed. 433 S.W. 2d 254. The judgment was predicated by the trial court upon a finding that the ordinance was unconstitutional, and, therefore, void, without any evidence or finding that the enforcement of the ordinance by the filing of criminal charges against the respondent would constitute a direct invasion of respondent's vested property rights.

The decision of the court of civil appeals affirming the trial court's judgment is in conflict with a number of opinions of the Supreme Court which hold that a court of equity has no jurisdiction to enjoin the enforcement of a penal ordinance or statute in the absence of proof that such enforcement would result in irreparable injury to vested property rights. See City of Fort Worth v. Craik, 411 S.W.2d 541 (Tex.Sup.1967); State v. Logue, 376 S.W.2d 567 (Tex.Sup.1964); Crouch v. Craik, 369 S.W.2d 311 (Tex.Sup.1963); Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294 (1932); City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528 (1894).

Pursuant to authority conferred by Rule 483, Texas Rules of Civil Procedure, we reverse the judgments of the court of civil appeals and the trial court, without the necessity of granting writ of error and hearing the case, and dissolve the writ of temporary injunction issued by the trial court.