**BETTER HOME PRODUCTS OF TEXAS, CO., Appellant,**

v.

**CITY OF DALLAS, Appellee.**

No. 18393.

Court of Civil Appeals of Texas, Dallas.

Nov. 7, 1974.

Rehearing Denied Dec. 5, 1974.

Paul H. Stanford, Paul W. Wisdom, Jr., Dallas, for appellant.

Alex Bickley, City Atty., Richard S. Sacks, Asst. City Atty., Dallas, for appellee.

GUITTARD, Justice.

In this declaratory judgment action plaintiff Better Home Products of Texas seeks a judicial determination that its solicitation of orders for merchandise by telephone without a permit does not violate a penal ordinance of defendant City of Dallas. In the alternative, plaintiff prays that the ordinance, if it requires such a permit, be declared unconstitutional. The trial court dismissed the action on the pleadings for lack of jurisdiction, and we affirm.

■ The petition contains no allegation that plaintiff will sustain irreparable injury to any property right, or even that it will have any loss or damage, as a result of enforcement of the ordinance in question. We recognize that this suit is a statutory proceeding for declaratory relief under the Uniform Declaratory Judgments Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1 (Vernon 1965), rather than an equitable proceeding for injunctive relief subject to the traditional limitations of chancery jurisdiction. Nevertheless, since the purpose of the suit is to avoid prosecution under a criminal ordinance, the considerations that lead courts of equity to deny injunctive relief against enforcement of the criminal laws apply with equal force. Texas Liquor Control Board v. Canyon Creek Land Corp., 456 S.W.2d 891, 896 (Tex.1970); Stecher v. City of Houston, 272 S.W.2d 925 (Tex.Civ.App.—Galveston 1954, writ ref'd n. r. e.).

■ Among such considerations for denial of injunctive relief is the rule that civil courts will not interfere with the attempted enforcement of a penal ordinance unless it is unconstitutional and its enforcement will result in irreparable injury to vested property rights. City of Fort Worth v. Craik, 411 S.W.2d 541, 542 (Tex.1967); Stecher v. City of Houston, *supra,* 272 S.W.2d at 928. Since no such injury was alleged here, the trial court properly denied declaratory relief. The term "lack of jurisdiction" in the traditional chancery sense may not be appropriate, but the result is the same.

Plaintiff argues that Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed. 2d 505 (1974) has dispensed with the necessity to show irreparable injury in a case involving constitutional rights. That decision does not control here because it turned on a construction of the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The point decided was that under the federal act a showing of irreparable injury is not a prerequisite for declaratory relief against a state penal statute which either on its face or by its particular application denies a federal constitutional right. This holding cannot enlarge the authority of a state court acting under a state statute.

■ We acknowledge the force of the argument that a litigant desiring to test the applicability or validity of a penal ordinance regulating his business should be able to do so by the orderly process of civil litigation and should not be put to the choice of either submitting to such regulation or exposing himself to the risk of criminal penalties. Nevertheless, civil courts do not sit to give advice. Therefore, a substantial controversy, such as a threat of irreparable injury, must be shown before a court will grant declaratory relief to avoid a criminal prosecution.

Affirmed.