**Gary W. BASS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–319–CR.**

Court of Appeals of Texas, Corpus Christi.

June 17, 1982.

John W. O'Dowd, Houston, for appellant.

Doyle W. Neighbours, Dist. Atty., Angleton, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted of the misdemeanor offense of barratry by a jury. The jury assessed his punishment at one year in jail and a fine of $2,000.00, both probated for one year.

By his sole ground of error, appellant complains that the trial court erred in overruling his timely motion to dismiss under the Speedy Trial Act. Tex.Code Crim.Pro. Ann. art. 32A.01—.02 (Vernon Supp.1981).

Appellant's first trial in this cause ended in a mistrial on May 16, 1979. On August 7, 1979, the trial court reset the case for trial on September 4, 1979. On the day scheduled for trial, appellant moved for dismissal on the ground that September 4 was more than ninety days from May 16, and the State had done nothing to insure that appellant was tried within the time limits set by the statute.

For purposes of the Act, the date of the granting of the mistrial is deemed the beginning of the limitations period. Tex.Code Crim.Pro.Ann. art. 32A.02 § 2(b) (Vernon Supp.1981). The State was obligated to *be ready* for trial for the offense here charged within ninety days of the granting of the mistrial. *Id.* at § 1(2). The State was not obligated to take affirmative actions to press the trial court for a setting within the ninety-day period. See *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979).

The evidence is clear that in this case the State did all that was required by article 32A.02. When appellant moved for dismissal on speedy trial grounds, the State's counsel announced ready at that time and at the times required by the Act. This declaration, evidenced by the State's written answer to the motion and by the trial court's supplemental fact findings, was *prima facie* proof of conformity to the provisions of the Act. *Barfield v. State*, supra, at 542. Appellant had the burden of rebutting the State's assertion with evidence that it was not in fact ready within the allotted time.

There being no controverting evidence in the record, we find that the State was ready for trial within the time period, in fulfillment of the provisions of the Act.

The judgment of the trial court is affirmed.