Paul DEARING, Appellant,

v.

William C. WRIGHT, County
Attorney, Appellee.

No. C–1933.

Supreme Court of Texas.

June 22, 1983.

Rehearing Denied July 20, 1983.

Louis Dugas, Jr., Orange, for appellant.

James O. Jenkins, Jr., Asst. County Atty., Stephen C. Howard, Asst. County Atty., Orange, for appellee.

BARROW, Justice.

This is a direct appeal from an order denying Paul Dearing, appellant, a temporary injunction to bar his prosecution for possession of marijuana. In denying the injunction, the trial court held that the 1981 amendments to the Texas Controlled Substances Act, article 4476–15 [1] are constitutional. We dismiss the appeal for lack of jurisdiction.

Dearing is under indictment for possession of marijuana. He initiated this proceeding by filing a petition for injunction against William C. Wright, County Attorney for Orange County, to enjoin his criminal prosecution on the grounds that the caption to the 1981 bill amending the Texas Controlled Substances Act was insufficient to apprise the legislature and public of the drastic changes in the Act and that the Act, as amended, was unconstitutional. The trial court denied the injunction, concluding that the bill amending the Act was constitutional. [2]

Dearing seeks to appeal to this Court under article V, section 3–b of the Texas Constitution and article 1738a, which allow appeal directly to the Supreme Court from an order of any trial court granting or denying an injunction on the grounds of the constitutionality or unconstitutionality of any statute of this state.

Article V, section 3 of the Texas Constitution, as amended in 1980, provides that our appellate jurisdiction "shall extend to all cases except in criminal law matters . . . ." Only the courts of appeal and the Court of Criminal Appeals may exercise appellate jurisdiction in criminal cases. Tex. Const. art. V, § 5.

Under our dual appellate system, we must concede to those courts the exclusive jurisdictional prerogative in criminal law matters our constitution requires that they exercise. See *Pope v. Ferguson*, 445 S.W.2d 950, 956 (Tex.1969); *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 644–45 (1933). The constitutionality of the Texas Controlled

---

1. All statutory references are to Texas Revised Civil Statutes Annotated.

2. Dearing failed to allege that enforcement of the statute would result in irreparable injury to any vested property rights. The rule is well settled that a court of equity will not enjoin enforcement of a criminal law unless the law is unconstitutional and enforcement will result in irreparable injury to vested property rights. *City of Richardson v. Kaplan*, 438 S.W.2d 366 (Tex.1969); *City of Fort Worth v. Craik*, 411 S.W.2d 541 (Tex.1967); *State v. Logue*, 376 S.W.2d 567 (Tex.1964); *Crouch v. Craik*, 369 S.W.2d 311 (Tex.1963).

Substances Act is presently pending before the Court of Criminal Appeals in three other causes.[3] By refraining from interfering with the appellate process in criminal matters, we will eliminate the possibility of conflicting holdings on the validity of such statutes. *Cf. Barnes v. State,* 75 Tex.Cr. 188, 170 S.W. 548, 553–54 (1914); Tex. Const. art. V, § 5, interpretive commentary.

We dismiss this appeal for lack of jurisdiction.

ROBERTSON, J., concurs in an opinion in which KILGARLIN, J., joins.

ROBERTSON, Justice, concurring.

I concur in the result reached by the Court but cannot agree with its reasoning. The Court has implicitly abandoned the well settled rule that a suit to enjoin enforcement of a penal statute is a civil case. *See, Passel v. Fort Worth Independent School District,* 440 S.W.2d 61 (Tex.1969); *City of Richardson v. Kaplan,* 438 S.W.2d 366 (Tex. 1969); *City of Fort Worth v. Craik,* 411 S.W.2d 541 (Tex.1967); *State v. Shoppers World, Inc.,* 380 S.W.2d 107 (Tex.1964); *State v. Logue,* 376 S.W.2d 567 (Tex.1964); *Crouch v. Craik,* 369 S.W.2d 311 (Tex.1963); *City of Dallas v. Dallas County House Movers Association,* 555 S.W.2d 212 (Tex.Civ. App.—Dallas 1977, no writ); *Holt v. City of San Antonio,* 547 S.W.2d 715 (Tex.Civ.App. —San Antonio 1977, writ ref'd n.r.e.); *Better Home Products of Texas Co. v. City of Dallas,* 517 S.W.2d 373 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.). The basis for the Court's opinion is the 1980 amendment to Article V, section 3 of the Texas Constitution. The 1980 amendment, however, did not transform these civil cases into "criminal law matters." The 1980 amendment did nothing more than recognize that the jurisdiction of the courts of appeal had expanded to include criminal cases. Before the amendment our appellate jurisdiction extended to "... questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction ..." Tex.

Const. art. V, § 3 (1930). When the courts of civil appeals became courts of appeals with jurisdiction over both criminal and civil matters it became necessary to conform Article V, section 3.

The general rule is that equity will not enjoin enforcement of the criminal law. *State v. Logue, supra* at 569. Ordinarily the meaning and validity of a penal statute or ordinance should be determined by courts exercising criminal jurisdiction. *Passel v. Fort Worth Independent School District, supra* at 63. This Court, however, has recognized an exception to the general rule. Before the present opinion, a court of equity could enjoin enforcement of a criminal law if the law was unconstitutional and its enforcement would result in irreparable injury to vested property rights. *See, Passel v. Fort Worth Independent School District, supra; City of Richardson v. Kaplan, supra; City of Fort Worth v. Craik, supra; State v. Shoppers World, Inc., supra; State v. Logue, supra; Crouch v. Craik, supra; City of Dallas v. Dallas County House Movers Association, supra; Holt v. City of San Antonio, supra; Better Home Products of Texas Co. v. City of Dallas, supra.*

In our present case, Dearing has failed to plead or prove that any vested property right will be injured, irreparably or otherwise, if the State is allowed to proceed in the criminal case. Even had Dearing alleged injury to a vested property right, he could not have shown irreparable harm because he possessed an adequate remedy at law. Dearing may assert the unconstitutionality of the statute in question as a defense in his criminal case. *City of Dallas v. Dallas County House Movers Association, supra.* In *Logue v. State, supra* at 570, we said:

> If there is an adequate remedy at law by setting up the defense of unconstitutionality of the statute in question in a criminal proceeding, then the trial court had no jurisdiction to enjoin such criminal proceedings...

3. *See Ex parte Muniz,* 655 S.W.2d 224 (Tex. App.—Houston [14th Dist.] 1982, pet. granted); *Bass v. State,* 636 S.W.2d 781 (Tex.App.—

Beaumont 1982, pet. granted); *Ex parte Crisp,* 643 S.W.2d 487 (Tex.App.—Austin 1982, pet. granted).

The trial court therefore should not have ruled on the constitutional question in the absence of an irreparable injury to a vested property right, but should have dismissed the action for lack of jurisdiction. I would reverse the judgment of the trial court and dismiss the cause.

KILGARLIN, J., joins in this concurring opinion.