COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-184-CV

WILLIAM TRANTHAM APPELLANT

V.

BRUCE ISAACKS APPELLEE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

William Trantham brings two issues in his appeal of sanctions imposed by the trial court’s order of May 26, 2006.  We affirm.

BACKGROUND
 

In February 2006, Appellant sought a declaratory judgment regarding statements he had made in a newspaper article about Appellee, the Denton County Criminal District Attorney.
(footnote: 1)  Specifically, Appellant sought determinations of (1) his potential tort liability for defamation and (2) Appellee’s guilt in connection with an alleged violation of penal code section 36.02.
(footnote: 2) Appellant non-suited in April, one day before the hearing on Appellee’s jurisdictional plea.  Appellee filed a motion for sanctions under chapter 10 of the civil practice and remedies code.  
See
 
Tex. Civ. Prac. & Rem. Code Ann
. § 10.001 (Vernon 2002).
(footnote: 3)
 During the motion hearing, Appellant made a hearsay objection to James Robert Krause’s affidavit on attorney’s fees incurred by Appellee, totaling $18,159.07, because Krause was present and could have testified.  The trial court admitted the affidavit.  Appellee made an objection to the deposition of Appellant’s former client, Paul Jaworski, which was taken in a federal case.  The trial court excluded this deposition.  The trial court ordered Appellant to pay Appellee $7,769.07 in sanctions.

SANCTIONS

We review a trial court’s award of sanctions for an abuse of discretion.  
See Koslow’s v. Mackie
, 796 S.W.2d 700, 704 (Tex. 1990); 
Univ. of Tex. at Arlington v. Bishop
, 997 S.W.2d 350, 357 (Tex. App.—Fort Worth 1999, pet. denied). 
 To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc
., 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Id
.  In appropriate cases, legal sufficiency is a relevant factor in assessing whether the trial court abused its discretion.  
Beaumont Bank v. Buller
, 806 S.W.2d 223, 226 (Tex. 1991); 
Tex. Dep’t of Health v. Buckner
, 950 S.W.2d 216, 218 (Tex. App.—Fort Worth 1997, no writ).

Sufficiency Of The Evidence

Appellant challenges the sufficiency of the evidence to support the award of sanctions, claiming that there are no findings in the trial court’s order regarding section 10.001(3) and that there was no evidence of sanctionable conduct.

A legal sufficiency challenge may only be sustained when:  (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998), 
cert. denied
, 526 U.S. 1040 (1999); Robert W. Calvert,
 “No Evidence” and “Insufficient Evidence” Points of Error
, 38 
Tex. L. Rev
. 361, 362-63 (1960).  In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could, and disregard evidence contrary to the finding unless a reasonable factfinder could not.  
City of Keller v. Wilson
, 168 S.W.3d 802, 827 (Tex. 2005).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cont’l Coffee Prods. Co. v. Cazarez
, 937 S.W.2d 444, 450 (Tex. 1996); 
Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact.  
Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002).

Claims Under The Declaratory Judgments Act 

Appellant sought a declaratory judgment.  The Declaratory Judgments Act (DJA) is a remedial statute designed “to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.”  
See
 
Tex. Civ. Prac. & Rem. Code Ann
. § 37.002(b).  However, a potential defendant may not use a declaratory judgment action to determine potential tort liability, because the DJA was not intended to deprive a potential tort plaintiff of the right to decide whether, when, and where to sue.  
See Abor v. Black
, 695 S.W.2d 564, 566-67 (Tex. 1985); 
Averitt v. PriceWaterhouseCoopers L.L.P.
, 89 S.W.3d 330, 333-34 (Tex. App.—Fort Worth 2002, no pet.).  Nor can a civil court issue a declaratory judgment to “render naked declarations of rights, status or other legal relationships arising under a penal statute.”  
See State v. Morales
, 869 S.W.2d 941, 947 (Tex. 1994); 
see also Briar Voluntary Fire Dept. v. Anderson
, No. 02-04-00258-CV, 2005 WL 1475409, at *2 (Tex. App.—Fort Worth June 23, 2005, no pet.) (mem. op.) (stating that penal statutes should be construed by courts exercising criminal jurisdiction).

To determine if a pleading was groundless, that is, filed for an improper purpose, the trial court must objectively ask whether the party and counsel made a reasonable inquiry into the legal and factual basis of the claim at the time the suit was filed.  
See Loeffler v. Lytle Indep. Sch. Dist
., No. 04-04-00443-CV, 2006 WL 1683790, at *14 (Tex. App.—San Antonio June 21, 2006, pet. denied).  The trial court found that Appellant’s suit was filed for the improper purpose of harassing Appellee, that Appellant’s “claims and assertions . . . were not warranted by existing law or by non-frivolous arguments for the extension, modification, or reversal of existing law or the establishment of new law,” and that a reasonable sanction was necessary to deter repetition of that conduct.  
See 
Tex. Civ. Prac. & Rem. Code Ann
. §§ 10.001(1), (2); 10.004(b).

Among the twelve bases listed by the trial court for its finding of improper purpose were the newspaper article that “contained numerous vicious political and personal attacks by [Appellant] on [Appellee],” Appellant’s own testimony that the continuing political controversy was both the article’s genesis and the reason for filing the original declaratory action, and that the amended declaratory action “served only to republish the political and personal attacks contained in the [a]rticle” and was “an exercise in political gamesmanship improperly invoking judicial involvement as a mechanism in an on-going political controversy.”  
See id. 
§ 10.001(1).  The trial court also found that Appellant’s amended declaratory action sought a determination that “his political and personal attacks upon [Appellee] ‘. . . [were] factual and not libelous . . .’.”

Based on a comprehensive review of the record, there is legally sufficient evidence to support the trial court’s findings pertaining to improper purpose. 
See City of Keller
, 168 S.W.3d at 827; 
Uniroyal
, 977 S.W.2d at 334.  In the article Appellant attached to his amended pleading, he is quoted as saying, “Under [Appellee], our narcotics task force has been more interested in burglarizing houses to keep their operation going than they are in keeping drugs off the streets,” and that “Under [Appellee], law enforcement has almost come to a standstill in Denton County.”  Appellant testified that after receiving Appellee’s cease-and-desist letter, he attached a copy of the article to his amended pleading.  In his amended pleading, Appellant reiterated many of the same allegations that he made in the article.

The bases for the trial court’s decision that Appellant’s claims were not warranted by existing law or by non-frivolous arguments for the extension, modification, or reversal of existing law or the establishment of new law were that:

•  There existed no justiciable controversy between [Appellant] and [Appellee] arising from the matters asserted by [Appellee] in his amended declaratory judgment action;

•  [Appellant] did not allege grounds supporting the assertion of a cause of action against [Appellee] in his amended declaratory judgment action; and

• [Appellant]’s amended declaratory judgment action was completely without merit, spurious and brought in bad faith.

See
 
Tex. Civ. Prac. & Rem. Code Ann
. § 10.001(2).

The trial court did not err by determining that Appellant violated section 10.001(1) by filing a pleading for an improper purpose, because declaratory judgment was an improper vehicle for determining Appellee’s potential tort and criminal liability.  
See Morales
, 869 S.W.2d at 947; 
Averitt
, 89 S.W.3d at 333-334.  Applying the same reasoning, the trial court did not err in concluding that there was no basis under existing law for Appellant’s claims and that Appellant also violated section 10.001(2).  
See 
Tex. Civ. Prac. & Rem. Code Ann
. § 10.001(2).

Section 10.004 states that a “court that determines that a person has signed a pleading . . . in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both,” limited to what is sufficient to deter repetition of the conduct.  
Id
. 
§ 10.004(a), (b).  That sanction may include an order “to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney’s fees.”  
Id
. § 10.004(c)(3); 
Bishop
, 997 S.W.2d at 356 (holding that sanctions were appropriate on other grounds even though university, as a represented party, could not be sanctioned under 10.001(2) for advancing frivolous legal arguments).  Upon determining that section 10.001 had been violated, the trial court had the discretion to impose sanctions.  
Tex. Civ. Prac. & Rem. Code 
§ 10.004(a).  Because the trial court did not abuse its discretion by imposing sanctions on Appellant under either section 10.001(1) or (2), we need not address Appellant’s no evidence contention under section 10.001(3).  
See
 
Tex. R. App. P. 
47.1.

Evidence Objections

Appellant asserts that the only evidence of attorney’s fees offered by Appellee was Krause’s affidavit, that the affidavit was improperly admitted  hearsay because Krause was present and able to testify, and that its admission caused the rendition of an improper judgment of sanctions because without it, the evidence would not support an award of attorney’s fees to Appellee.  Appellant also complains that Jaworski’s deposition was improperly excluded on Appellee’s hearsay objection.

A trial court’s rulings in admitting or excluding evidence are reviewable under an abuse of discretion standard.  
Nat’l Liab. & Fire Ins. Co. v. Allen
, 15 S.W.3d 525, 527 (Tex. 2000).  Properly authenticated records of regularly conducted business activity can be admitted into evidence as an exception to the hearsay rule.  
Tex. R. Evid. 
803(6).  The foundation for admission of a business record may be established by testimony or by affidavit.  
Tex. R. Evid
. 902(10).  For purposes of rule 803, the availability of the declarant is immaterial.  
Tex. R. Evid
. 803.  Therefore, Krause’s presence or absence at the hearing was irrelevant.  
Id
.  We overrule this portion of Appellant’s first issue.

Appellant sought admission of the Jaworski deposition, which was taken in an employment lawsuit filed by Appellant in federal court.  Appellee objected, stating that because Appellant had the opportunity to subpoena Jaworski to testify but did not, Appellant should not have the opportunity to use a deposition taken in another matter in which Appellee was not present.  The trial court excluded the deposition.

Under rule 801(e), a statement is not hearsay if it is a deposition taken in the same civil proceeding.  
Tex. R. Evid
. 801(e).  This was not the same proceeding; therefore, the trial court did not abuse its discretion in the exclusion of this evidence on this ground.  
See id.

Appellant now argues that he offered this deposition testimony as evidence of Appellant’s state of mind and to refute claims of lack of due diligence.  At the hearing, Appellant’s attorney asked him, “As a result of those  conversations [with Jaworski], did you form an opinion as to whether or not—for lack of a better term—bribery actually took place?”  Though Appellant’s opinion at the time would be within the exception to the hearsay rule provided by rule 803(3), the deposition’s contents were inadmissible hearsay because the statements contained within it pertain to 
Jaworski
’s statements and state of mind rather than to Appellant’s.  
See
 
Tex. R. Evid
. 801, 803(3).  Therefore, the trial court did not abuse its discretion by excluding this evidence.  We overrule Appellant’s first issue.

Declaratory Judgments Act

In his second issue, Appellant argues that the trial court erred by sanctioning him because a good faith basis for the pursuit of protection for core political speech 
should
 be allowed under the DJA.  
As discussed above, there was no basis in law for Appellant’s particular claims under the DJA. 
 See Morales
, 869 S.W.2d at 947; 
Averitt
, 89 S.W.3d at 333-34.  Because the DJA is inappropriate for a determination of potential tort liability,
 
Smith v. Holley
, which Appellant cites for his “request for comments” and consent defenses, does not apply because Appellant has not yet been sued for defamation.
(footnote: 4)  827 S.W.2d 433 (Tex. App.—San Antonio 1992, writ denied); 
see Averitt
, 89 S.W.3d at 333-34.  We hold that the trial court did not err by sanctioning Appellant, and we overrule Appellant’s second issue.

CONCLUSION

Having overruled both of Appellant’s issues, we affirm the trial court’s order imposing sanctions.

DIXON W. HOLMAN

JUSTICE

PANEL B:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  January 25, 2007

FOOTNOTES
1:
Appellant also made statements about Appellee’s wife, a sitting judge in Denton County, who is not a party to this appeal.  Appellee sent Appellant a cease-and-desist letter, which, according to Appellant, prompted his declaratory judgment action.

2:
Appellant also sought declaratory judgment that his comments were “true when uttered” and were “responsive to publicly posed questions” in Appellee’s advertising.

3:
Sanctions can be ordered for a violation of section 10.001.  
Tex. Civ. Prac. & Rem. Code Ann. 
§ 10.002(a) (Vernon 2002).  Under section 10.001, signing a pleading

constitutes a certificate by the signatory that to the signatory’s best knowledge, information, and belief, formed after reasonable inquiry:

(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;  and

(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief. 

Id
. § 10.001.  Appellee based his sanctions claim on section 10.001(1) and (3), but also 
asserted that Appellee’s suit was frivolous “because the relief it seeks has no support in the law” and that Appellant was subject to sanctions “for filing said pleading without legal . . . support,” an allegation that falls under section 10.001(2).  
Id
.

4:
The remaining cases cited by Appellant to support his political speech claims
, McIntyre v. Ohio Elections Comm’n
, 514 U.S. 334, 115 S. Ct. 1511 (1995), and 
Doe v. State
,112 S.W.3d 532 (Tex. Crim. App. 2003), involve state action burdening free speech, an issue not implicated here.  
See McIntyre
, 514 U.S. at 347, 115 S. Ct. at 1519 (addressing law burdening core political speech); 
Doe
, 112 S.W.3d at 534 (holding section 255.001 of Texas Election Code facially unconstitutional).