ACCEPTED
03-14-00739-CV
3701562
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/8/2015 3:29:37 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00739-CV**

*In the Court of Appeals*
*Third District of Texas — Austin*

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/8/2015 3:29:37 PM
JEFFREY D. KYLE
Clerk

**EX PARTE ROBERT BURNS SPRINGSTEEN IV,**
*Appellant*

*Appealed from the 353rd District Court, Travis County, Texas*
*Cause No. D-1-GN-14-001847; Before the Honorable Darlene Byrne*

# APPELLANT'S BRIEF

Charles F. Baird
Texas Bar No. 00000045
Amber Farrelly
Texas Bar No. 24069671
BAIRD☆FARRELLY CRIMINAL DEFENSE
2312 Western Trails Blvd Ste. 102-A
Austin, TX 78745
Tel. 512-804-5911
jcfbaird@gmail.com adfelaw@gmail.com

James W. Hackney
Texas Bar No. 08671000
LAW OFFICES OF JIM HACKNEY
5109 McDade Dr.
Austin, TX 78735
Tel. 512-422-3956
Fax 512-233-0764
jim@jameshackneylaw.com

Broadus A. Spivey
Texas Bar No. 00000076
LAW OFFICES OF BROADUS A. SPIVEY
3303 Northland Drive, Suite 205
Austin, Texas 78731
Tel. 512-474-6061
Fax 512-474-1605
bas@spivey-law.com

***Attorneys for Appellant, Robert Burns Springsteen IV***

**ORAL ARGUMENT REQUESTED**

No. 03-14-00739-CV

EX PARTE ROBERT BURNS SPRINGSTEEN IV,

Appellant

_____

IDENTITY OF PARTIES & COUNSEL

_____

**Robert Burns Springsteen IV,** *Appellant*

**Broadus A. Spivey**
Texas Bar No. 00000076
LAW OFFICES OF BROADUS A. SPIVEY
3303 Northland Drive, Suite 205
Austin, Texas 78731
Tel. 512-474-6061 Fax 512-474-1605
bas@spivey-law.com

**James W. Hackney**
Texas Bar No. 08671000
LAW OFFICES OF JIM HACKNEY
5109 McDade Dr.
Austin, TX 78735
Tel. 512-422-3956
jim@jameshackneylaw.com

**Charles F. Baird**
Texas Bar No. 00000045
**Amber Farrelly**
Texas Bar No. 24069671
BAIRD☆FARRELLY CRIMINAL DEFENSE
2312 Western Trails Blvd Ste. 102-A
Austin, TX 78745
Tel. 512-804-5911
jcfbaird@gmail.com
adfelaw@gmail.com

**Rosemary Lehmberg, Travis County District Attorney,** *Appellee*

**Patrick M. Kelly**
Texas Bar No. 11228000
Pat.kelly@co.travis.tx.us

**Andrew M. Williams**
Texas Bar No. 24068345
Andrew.williams@co.travis.tx.us

**Sherine E. Thomas**
Texas Bar No. 00794734
Sherine.thomas@co.travis.tx.us

County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Tel. 512-854-9513
Fax 512-854-4808

## TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ...................................................... 2

INDEX OF AUTHORITIES.................................................................. 5

STATEMENT OF THE CASE................................................................ 8

STATEMENT ON ORAL ARGUMENT ....................................................... 8

ISSUES PRESENTED....................................................................... 9

STATEMENT OF FACTS ................................................................... 10

SUMMARY OF THE ARGUMENT ......................................................... 12

ARGUMENT .............................................................................. 14

    Issue 1: The trial court erred when it granted a plea to the jurisdiction because sovereign immunity does not bar Appellant's action. ............. 14

    Issue 2: The trial court erred when it granted the plea to the jurisdiction because Appellant presented justiciable issues. ...................................... 16

    Issue 3: The trial court erred when it granted the plea to the jurisdiction because the Open Courts Provision of the Texas Constitution provides jurisdiction over Appellant's action. ...................................................... 31

    Issue 4: The trial court erred when it granted the plea to the jurisdiction because Appellant was not seeking a civil court determination of a criminal issue, but rather was properly seeking a civil court's construction of a civil statute. ................................................................................... 33

    Issue 5: The trial court erred when it granted the plea to the jurisdiction because Appellant's state court action was not barred by his earlier federal action.................................................................................. 36

PRAYER.................................................................................. 39

CERTIFICATE OF SERVICE ................................................................ 40

APPENDIX ............................................................................... 41

# INDEX OF AUTHORITIES

## CASES

*Anderson v. City of Seven Points*, 806 S.W.2d 791 (Tex. 1991).................. 37

*Arendt v. Carter*, 210 S.W.2d 976 (Tex. 1948) .......................................... 20

*Autoflex Leasing, Inc. v. Manuf. Auto Leasing, Inc.,* 16 S.W.3d 815 (Tex.App.—Fort Worth 2000, pet. denied).............................................. 38

*Bd. of Regents of State Colleges v. Roth*, 400 U.S. 564 (1972)................... 29

*Brennan v. City of Willow Park*, 376 S.W.3d 910 (Tex.App.—Fort Worth 2012, pet. denied) .................................................................... 15, 17, 34

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) ......................... 16

*City of Longview v. Head,* 33 S.W.3d 47 (Tex.App.—Tyler 2000, no pet.).34, 38

*City of Rockwall v. Hughes*, 246 S.W.3d 621 (Tex. 2008)......................... 23

*City of San Antonio v. City of Boerne*, 111 S.W.3d 22 (Tex. 2003)............ 23

*Coffin v. United States*, 156 U.S. 432 (1895) ............................................ 26

*Ex parte Brown*, 205 S.W.3d 538 (Tex. Crim. App. 2006)........................ 22

*Ex parte Kerr*, 64 S.W.3d 414 (Tex.Crim.App. 2002).   ........................... 19

*Ex parte Powell*, 558 S.W.2d 480 (Tex.Crim.App. 1977)......................... 19

*Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002)........................... 21

*Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863 (Tex. 2009) ................................................................................................ 23

*Harrington v. Richter*, 131 S.Ct.770 (2011). ............................................ 19

*Hinojosa v. Tarrant County*, 355 S.W.3d 812 (Tex.App.—Amarillo 2011, no pet.) ...................................................................................................... 37

5

*In re House*, 65 S.W.3d 694 (Tex.App.—Amarillo 2001, no pet.). ............ 19

*In re Smith*, 333 S.W.3d 582 (Tex. 2011) ................................................... 21

*In re Winship*, 397 U.S. 358 (1970) ........................................................... 26

*LeCroy v. Hanlon*, 713 S.W.2d 335 (Tex. 1986) .................................. 31, 32

*McAllen Hospitals, L.P. v. Suehs*, 426 S.W.3d 304 (Tex. App.—Amarillo 2014, no pet.) ................................................................................................ 29

*Nelson v. Krusen*, 678 S.W.2d 918 (Tex. 1984). ........................................ 32

*Paul v. Davis*, 424 U.S. 693 (1976) ........................................................... 28

*State v. Morales*, 869 S.W.2d (Tex. 1994) ................................................. 34

*State v. Oakley*, 227 S.W.3d 58 (Tex. 2007) .............................................. 21

*State ex. rel. Abbott v. Young*, 265 S.W.3d 697 (Tex.App.—Austin 2008, pet. denied) .......................................................................................................... 21

*Stratton v. Austin Ind. Sch. Dist.*, 8 S.W.3d 26 (Tex.App.—Austin 1999, no pet.) .............................................................................................................. 29

*Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993)27

*Texas Lottery Comm'n*, 325 S.W.3d 628 (Tex. 2010) ................................. 23

*Trantham v. Isaaks*, 218 S.W.3d 750 (Tex.App.—Fort Worth 2007, pet. denied) ..................................................................................................... 30, 38

*Wieman v. Updegraff*, 344 U.S. 183 (1952) ............................................... 28

*Wiley v. Spratlan*, 543 S.W.2d 249 (Tex. 1976) ........................................ 20

*Wisconsin v. Constantineau*, 400 U.S. 433 (1971) .................................... 29

## CONSTITUTION

Tex. Const. art. I, §13 ............................................................................. 31

## STATUTES

TEX. CIV. PRAC. & REM. CODE ANN. § 103.001(c)
................... 8, 12, 13, 15, 16, 17, 18, 20, 24, 25, 26, 27, 28, 29, 30, 33, 38

TEX. CIV. PRAC. REM. CODE ANN. § 37.002 ........................................... 30, 38

TEX. CIV. PRAC. REM. CODE ANN. §37.004 .......................................... 17, 34

## RULES

Tex. R. App. P. 38.................................................................................... 8

Tex. R. App. P. 39.................................................................................... 8

## STATEMENT OF THE CASE

Appellant sought a declaratory judgment that he was entitled to compensation under TEX. CIV. PRAC. & REM. CODE § 103.001 for his time spent wrongfully imprisoned from 2001-2009. Clerk's Record 298-99 [hereinafter C.R.]. Appellee filed a plea to the jurisdiction. C.R. 263. Following oral argument and a bench hearing, the judge granted Appellee's plea to the jurisdiction and dismissed the case with prejudice on October 16, 2014. C.R. 526.

## STATEMENT ON ORAL ARGUMENT

The Court should grant oral argument for the following reasons:

a. The issues presented have not previously been authoritatively decided. *See* Tex. R. App. P. 39.1(b).

b. Oral argument will give the Court a more complete understanding of the facts presented in this appeal. *See* Tex. R. App. P. 39.1(c).

c. Oral argument will allow the Court to better analyze the complicated legal issues presented in this appeal. *See* Tex. R. App. P. 39.1(c).

d. Oral argument will significantly aid the Court in deciding this case. *See* Tex. R. App. P. 38.1(e), 39.1(d).

## ISSUES PRESENTED FOR REVIEW

Issue 1: The trial court erred by concluding that it lacked subject-matter jurisdiction over Petitioner's action because Petitioner's action was not barred by sovereign immunity.

Issue 2: The trial court erred by concluding that it lacked subject-matter jurisdiction over Petitioner's action because Petitioner's claim presented justiciable issues which the Court had power to decide under the Declaratory Judgments Act.

Issue 3: The trial court erred by concluding that it lacked subject-matter jurisdiction over Petitioner's action because Petitioner established jurisdiction under the Open Courts Provision of the Texas Constitution.

Issue 4: The trial court erred by concluding that it lacked subject-matter jurisdiction over Petitioner's action because Petitioner was not asking for a civil court to rule on a criminal matter, but rather was seeking a civil court's interpretation of a civil statute.

Issue 5: The trial court erred by concluding that it lacked subject-matter jurisdiction over Petitioner's action because Petitioner's action was not in any way barred by his earlier federal court action.

## STATEMENT OF FACTS

On June 21, 2001, a Travis County jury convicted Appellant for the murder of four young girls in what came to be known as the "Yogurt Shop Murders." C.R. 427. Appellant was sentenced to death. *Id.* Appellant was convicted without any physical evidence linking him to the crime, and the primary evidentiary bases for his conviction were his confession and the confession of one of his alleged accomplices, Michael Scott. *Id.* In June 2005, Appellant's death sentence was commuted by the Governor of the State of Texas on the basis of *Roper v. Simmons* because he was less than 18 years old at the time the crime was committed. *Id.*

On May 24, 2006, Appellant's conviction was overturned by the Texas Court of Criminal Appeals on the grounds that the use of Michael Scott's confession at trial constituted a violation of Appellant's constitutional rights under the Confrontation Clause. *Id.* at 241, 246. The case was remanded to the District Court, and Appellant remained imprisoned while awaiting the new trial. *Id.* at 427.

In March of 2008, results from a previously-unavailable DNA test conclusively established that the DNA found on the body of one of the victims indisputably contracted Appellant's alleged confession to the crime and the prosecution's theory of the case. *Id.* at 435. Those DNA results showed that someone other than Appellant and his three alleged accomplices had committed the crime. *Id.* That person remains unidentified today. *Id.* The DNA tests and results

were obtained not by the defendant, but by the State of Texas. *Id.* at 27.

On June 24, 2009, Appellant was released from jail on a personal bond pending a new trial. *Id.* at 6. Appellant was imprisoned for nearly nine years, four of which were spent on death row. *Id.* at 5-6. The District Attorney for Travis County filed a motion to dismiss all charges against Appellant and Michael Scott on October 28, 2009. *Id.* at 27-28. The District Court granted that motion and dismissed the charges against Appellant. *Id.* at 29.

Appellant filed his declaratory judgment action in the Travis County District Court on December 10, 2013. *Id.* at 3-8. On October 16, 2014, a plea to the jurisdiction was granted against Appellant, and the action was dismissed with prejudice. *Id.* at 526. Appellant here brings his appeal from that dismissal.

## SUMMARY OF THE ARGUMENT

Appellant's first point challenges the trial court's conclusion that the trial court lacked subject-matter jurisdiction over Appellant's action on the ground that his action was barred by sovereign immunity. Appellant sought the trial court's construction of a statute, which constitutes a waiver of sovereign immunity under Texas case law. Furthermore, Appellant named Rosemary Lehmberg, the state officer claiming sovereign immunity, as an interested party rather than as a defendant. Therefore, Appellant was not suing the state and sovereign immunity is not implicated in this action.

Appellant's second point is that the trial court erred when it concluded that it lacked jurisdiction over Appellant's claim on the ground that Appellant failed to present a justiciable issue which the Court had power to decide under the Declaratory Judgments Act. Appellant sought a declaration of his rights under TEX. CIV. PRAC. & REM. CODE § 103.001, a declaration of his status of actual innocence under the terms of that statute, and the opportunity to vindicate his due process rights to property in his right to compensation under the statute and his reputation.

Appellant's third point further disputes the trial court's conclusion that it lacked jurisdiction over Appellant's action. Appellant argues that jurisdiction exists over this action under the Open Courts Provision of the Texas Constitution. That

provision provides a remedy in Texas Courts for every person who has suffered an injury to his reputation or property. Appellant has not been afforded a judicial remedy to vindicate his compensation interest under the statute or to repair the reputation damage caused by his wrongful conviction and subsequent imprisonment.

Appellant's fourth point challenges the trial court's conclusion that it lacked jurisdiction over Appellant's action on the ground that a civil court cannot make a determination on a criminal matter. Appellant argues that this conclusion was incorrect because Appellant did not seek a determination of a criminal matter from a civil court, but rather sought the trial court's interpretation of his rights under TEX. CIV. PRAC. & REM. CODE § 103.001, which is a civil statute.

Appellant's last point is that the trial court erred in deciding that Appellant's action was barred by his earlier declaratory action in federal court. Appellant's federal court action was dismissed without prejudice for a lack of jurisdiction based on issues relating to the power of federal courts which do not apply to Texas state courts. Therefore, the federal court action does not affect the trial court's jurisdiction over Appellant's state court action.

**ARGUMENT & AUTHORITIES**

**I. The trial court erred when it granted the plea to the jurisdiction because sovereign immunity does not bar Appellant's action.**

The trial court was not barred from exercising jurisdiction over Appellant's action by sovereign immunity. Sovereign immunity was not implicated because Appellant did not bring this suit against a political subdivision of the state, whether it be the Travis County District Attorney's office or any other. C.R. 201. Appellee was added as an interested party, not as a defendant. *Id.*

When Appellant filed his first amended request with the trial court on February 19, 2014, he forwarded a courtesy copy of that pleading to Appellee as a party in interest via the e-file email system. *Id.* at 198-201. When Appellant did not receive a response or an acknowledgement that Appellee had received the amended petition, he then had Appellee served in order to ensure that as a party in interest she had the most recent pleading, given her interest and appearance in the case after Appellant's original petition, namely her filings with the trial court and with the Court of Criminal Appeals. *Id.* at 198-201. On the request for service, Appellant clearly indicated on the style "Robert Burns Springsteen, IV – EX PARTE vs. Rosemary Lehmberg – INTERESTED PARTY." *Id.* at 211. When the citation was delivered to Appellee, that clarifying language in the style apparently was not communicated, although Appellant clearly stated within the petition that

14

Appellee had not been – and has not been – sued. The status and parties in Appellant's case should not be determined based on a form letter issued by the Texas e-file system. Appellee is an interested party in this action, but she is not a Defendant.

Appellant has never entertained the notion of pursuing a writ of prohibition, an injunction, or any other legal proceeding to stay any potential future criminal proceedings or grand jury actions. Accordingly, sovereign immunity does not bar Appellant's action because it is not implicated under these facts.

Sovereign immunity does not bar Appellant's action because sovereign immunity has been waived under these circumstances. Texas courts have held that when a governmental entity is a party to a declaratory judgment action that is brought seeking statutory interpretation, sovereign immunity is waived. *Brennan v. City of Willow Park*, 376 S.W.3d 910, 922 (Tex.App. –Fort Worth 2012, pet. denied). Sovereign immunity is waived in this case because Appellant is neither suing the state on a theory of liability nor bringing a suit in an attempt to recover money damages. Appellant is seeking a declaration of legal innocence and a clarification of his rights as construed under TEX. CIV. PRAC. & REM. CODE § 103.001. The DJA allows courts to declare relief by construing statutes whether or not further relief is or could be claimed. *Id.*

Appellee's and the state's immunity are waived in this case even if the trial

court's declaration of Appellant's innocence ultimately resulted in Appellant's recovery of the compensation he is owed under TEX. CIV. PRAC. & REM. CODE §103.001. If the trial court were to grant Appellant's request for a hearing on a declaratory judgment action and therefore later require the Comptroller to issue payment to Appellant, the State's immunity would be waived then as well. The Texas Supreme Court has held that suits to require State officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

Appellant has not challenged the constitutionality of TEX. CIV. PRAC. & REM. CODE § 103.001. Appellant requested a clarification – an interpretation – and affirmation of his rights under the statute, namely that he is actually innocent under the law. If he is determined to be "actually innocent," he is entitled to the compensation he is due as a matter of law.

## II. The trial court erred when it granted the plea to the jurisdiction because Appellant presented justiciable issues.

The trial court does not lack subject-matter jurisdiction over Appellant's action because Appellant presented justiciable issues which were within the power of the trial court to grant relief. Specifically, Appellant sought the trial court's

construction of § 103.001, a declaration of his rights under that statute, a declaration of legal innocence, and a forum in which to litigate his property rights to compensation and to his reputation.  C.R. at 430-31.

**A. Appellant presented a justiciable issue by seeking a trial court's construction of a civil statute through a declaratory action.**

Appellant presented a justiciable issue by requesting the trial court's construction of § 103.001.  Texas courts have held that a party may bring an action under the Declaratory Judgments Act to obtain a declaration of his rights under a statute. *Brennan v. City of Willow Park*, 376 S.W.3d 910 (Tex.App.—Fort Worth 2012, pet denied); TEX. CIV. PRAC. & REM. CODE ANN. § 37.004.  TEX. CIV. PRAC. & REM. CODE § 103.001 provides as follows:

> (a) A person is entitled to compensation if:
>> (1)  the person has served in whole or in part a sentence in prison under the law of this state; and
>> (2)  the person:
>>> (A) has received a full pardon on the basis of innocence for the crime for which the person was sentenced;
>>> (B) has been granted relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced; or
>>> (C) has been granted relief in accordance with a writ of habeas
>>>> corpus and:
>>>>> (i)  the state district court in which the charge against the person was pending has entered an

17

order dismissing the charge; and

    (ii) the district court's dismissal order is based on a motion to dismiss in which the state's attorney states that no credible evidence exists that inculpates the defendant and, either in the motion or in an affidavit, the state's attorney states that the state's attorney believes that the defendant is actually innocent of the crime for which the person was sentenced.

Appellant served nearly nine years in prison under Texas law, and indisputably meets the requirements of § 103.001(a)(1). Appellant does not argue that he is entitled to compensation under § 103.001(a)(2)(A) because he never received a pardon. Instead, Appellant argues that he is entitled to compensation because he has functionally met the requirements of (a)(2)(B) and (a)(2)(C).

**1. Appellant presented a justiciable issue when it sought the court's construction of § 103.001(a)(2)(B) and a declaration of his entitlement to compensation under that provision.**

Appellant requested that the trial court provide its construction of § 103.001(a)(2)(B), arguing that he was entitled to compensation under (a)(2)(B) because he "has been granted relief **in accordance with** a writ of habeas corpus" and can demonstrate his actual innocence. Appellant sought the trial court's determination that he falls within the parameters of § 103.001(a)(2)(B).

The purpose of a writ of habeas corpus is to obtain a speedy and effective

18

adjudication of a person's right to liberation from illegal restraint. *Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex.Crim.App. 2002). The spirit of the habeas corpus statute is the intent to prevent a prisoner's unconstitutional incarceration, and it stands as a safeguard against imprisonment of those held in violation of the law. *Harrington v. Richter*, 131 S.Ct.770, 780 (2011). In operation, a Court of Criminal Appeals reversal accomplishes the same. The Court of Criminal Appeals in this case reversed Appellant's conviction on constitutional grounds, which is effectively the same as if Appellant had been granted a writ of habeas corpus because of imprisonment in violation of the law. In either case, a prisoner would be released because his conviction and imprisonment were constitutionally untenable, as Appellant's was.

While habeas corpus may be used to challenge any unlawful restraint, it may not be used as a substitute for an appeal. *Ex parte Powell*, 558 S.W.2d 480 (Tex.Crim.App. 1977). Texas law holds that when an individual has available to him a remedy other than a writ of habeas corpus – such as a direct appeal – he is obligated to exhaust that remedy first, and the appellate court should not exercise its discretionary authority to issue a writ of habeas corpus. *In re House*, 65 S.W.3d 694, 695 (Tex.App.—Amarillo 2001, no pet.). Appellant was required under the law to file a direct appeal before filing any petition for a writ of habeas corpus, despite the fact that the process of that appeal and the subsequent reversal and

pending retrial took over eight years. The habeas corpus statute contemplates the prevention of lengthy incarcerations for those who may be held on unconstitutional grounds, the purpose of the writ being to obtain speedy adjudication of a person's right to liberation from illegal restraint. *Arendt v. Carter*, 210 S.W.2d 976, 977 (Tex. 1948). Appellant spent five years in prison during an extremely lengthy direct appeal before the Court of Criminal Appeals held that his conviction was based on unconstitutional grounds and reversed in 2006. C.R. at 60. Appellant remained incarcerated for several more years while waiting for a retrial – one that ultimately never came – until the Travis County judge ordered him released on bond pending such retrial in 2008. *Id.* In drafting the Tim Cole Act, the legislature did not contemplate the unreasonable length of a direct appeal such as Petitioner's.

The phrase "in accordance with" has been interpreted by the Texas Supreme Court to mean "commensurate with." *Wiley v. Spratlan*, 543 S.W.2d 249, 351 (Tex. 1976). Section 103.001(a)(2)(B) and (C) require that relief be granted "in accordance with" a writ of habeas corpus, which means that relief must be granted commensurate with, in agreement with, or in conformity with a writ of habeas corpus. The relief provided by a Court of Criminal Appeals reversal of conviction is, by definition, in accordance with a writ of habeas corpus. Both accomplish the same goal – releasing from prison a person who constitutionally should not be there.

The wrongfully imprisoned have not always been entitled to state compensation; the common law provided no recourse for the innocent. *State v. Oakley*, 227 S.W.3d 58, 62 (Tex. 2007). In 1965, the Texas legislature enacted the first wrongful imprisonment compensation statute under the penal code, and later, this statute was moved to the Civil Practice & Remedies Code and revised several times until it became the Chapter 103 that it is today. *In re Smith*, 333 S.W.3d 582, 585 (Tex. 2011). Originally, the penal code statute required a pardon from the governor to show proof of innocence; this was later revised to include a more relaxed standard, allowing a claimant to receive compensation if they had served all or part of a prison sentence and either received a full pardon on the basis of innocence or had been granted relief on the basis of actual innocence.

The legislature's use of the phrase "has been granted relief based on actual innocence," in the context of Texas jurisprudence, has generally limited § 103 recoveries to claimants obtaining relief from their convictions through habeas corpus based on actual innocence grounds. *State ex. rel. Abbott v. Young*, 265 S.W.3d 697, 705 (Tex.App.—Austin 2008, pet. denied). The type of innocence claim that generally accompanies a writ of habeas corpus is a "bare innocence" claim, which is a claim made in which the applicant claims there is new evidence that shows, clearly and convincingly, that no juror would have convicted him. *Id.*; *Ex parte Tuley*, 109 S.W.3d 388, 390 (Tex. Crim. App. 2002). The Court of

21

Criminal Appeals has said that establishing a bare claim of actual innocence is a "Herculean task" because a person convicted in a fair trial is not permitted to wage a collateral attack on his conviction without making an exceedingly persuasive case that he is actually innocent. *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). To make that case, the person must show by clear and convincing evidence that, despite the evidence of guilt that supports the conviction, no reasonable juror could have found the applicant guilty in light of the new evidence. *Id.* The DNA evidence that was presented after the reversal of Appellant's conviction falls into exactly this category. It shows without a doubt that at least one other man – who remains unidentified – was responsible for the crime, and that without a doubt Appellant was not.

This is evidence that did not exist at the time of the trial and therefore was not presented; it is new evidence that shows, clearly and convincingly, that no juror would have convicted him had that knowledge been available at the time.

For the reasons stated above, Appellant is now able to establish an actual innocence claim. Other than "confessions" obtained under extreme duress and improper interrogation, there is absolutely no evidence that Appellant committed this crime – no physical evidence, no eyewitness evidence, and no circumstantial evidence. In fact, what evidence the State has in its possession shows without a doubt that the perpetrator *was not* Appellant. But for the State's constitutional

22

violation of Appellant's rights under the Confrontation Clause at trial and the Court of Criminal Appeals' subsequent reversal of Appellant's conviction, Appellant would still be imprisoned and therefore be eligible to make a petition for a writ of habeas corpus. As the matter stands, the Court of Criminal Appeals rightfully reversed Appellant's conviction, and fortunately Appellant was able to escape spending additional wasted years in prison for a crime he did not commit. The fact that Appellant was fortunate enough to escape further prison time, however, should not preclude him from receiving the compensation he is due for the many years he *did* spend in prison wrongfully.

Texas appellate courts review issues of statutory construction de novo, and in construing statutes, the primary objective is to give effect to the Legislature's intent. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). The Court relies on the plain meaning of the text as it expresses legislative intent unless a different meaning is supplied by legislative definition, is apparent from the context, or the plain meaning leads to absurd results. *Texas Lottery Comm'n*, 325 S.W.3d 628, 635 (Tex. 2010); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008). The intent of the legislature was to correct the wrong suffered by prisoners spending years of their lives in prison for crimes someone else committed. This is exactly Appellant's circumstance.

23

The Act provides for compensation to be paid by the state even if the person wrongfully imprisoned is deceased at the time of pardon. TEX. CIV. PRAC. & REM. CODE ANN. § 103.001(c). It is illogical and improbable that the legislature would consider paying compensation to the family of a deceased inmate but intend that it be denied to a man who functionally complies and "checks all the boxes" required by the statute but is unable to obtain a writ of habeas corpus because he has finally been released from prison due to a Court of Criminal Appeals reversal of his conviction as a result of the State's own bungling of the case at the trial level.

When new Y-STR DNA test results released in March of 2008 showed without a doubt that it was impossible that Appellant had committed the crimes for which he'd been imprisoned, it was clear at that moment that Appellant was innocent under the law, despite not having a court who declared the magic words "actually innocent." The statute requires "a court finding" of actual innocence.

The statute does not specify which court must make this determination, nor does it require any particular court to grant this finding. The DJA grants courts the authority to clarify and affirm a petitioner's rights under the statute. Appellant requested that the trial court exercise its authority to grant Petitioner the relief that he requests.

**2. Appellant presented a justiciable issue when he sought the court's construction of § 103.001(a)(2)(C) and a declaration of his entitlement to compensation under that provision.**

As noted in the arguments regarding habeas corpus above, Appellant fits within the parameters and requirements of the first part of § 103.001(a)(2)(C), which states that an applicant has been granted relief in accordance with a writ of habeas corpus.

Appellant meets the second prong of the statute under § 103.001(a)(2)(C). Subsection § 103.001(a)(2)(C)(i) has been met. On October 28, 2009, the Travis County Court granted Ms. Lehmberg's Motion to Dismiss the charges pending against Appellant. C.R. 27-29. Subsection § 103.001(a)(2)(C)(ii) has also been met. In Ms. Lehmberg's Motion to Dismiss, she stated that DNA tests showed an unknown male donor was involved in the crime and that the State was continuing tests in order to identify that donor. C.R. 27. In that statement, Appellee effectively admitted that she had no credible evidence that Appellant had committed the crime.[1] In stating that she had no evidence against Appellant, Appellee admits that Appellant is innocent under the law.

---

[1] Appellee actually admitted that she had no evidence against Petitioner in her press release of June 24, 2009. In that press release, Appellee stated that "[t]he reliable scientific evidence in the case presents one, and one only, unknown male donor." C.R. at 375-76.

If Appellant is refused his declaration of actual innocence by means of affirmation of his status under § 103.001, the district attorneys of the State of Texas effectively would be able to frustrate the statute and legislative intent, circumventing any possibility of a similarly situated and wrongfully imprisoned person receiving compensation under the Act by merely releasing any possible applicants pending "further investigation." Appellant fits under § 103.001(a)(2)(C) because a Court of Criminal Appeals reversal of conviction is functionally equivalent to a writ of habeas corpus.

As everyone in America who has ever watched a television crime drama – not to mention someone who is a seasoned attorney – knows, an accused person is presumed innocent until proven to be guilty. The presumption of innocence is an axiomatic and elementary principle, the enforcement of which lies at the foundation of the administration of criminal law in America. *In re Winship*, 397 U.S. 358, 363 (1970); see *Coffin v. United States*, 156 U.S. 432, 453 (1895). Appellee has admitted that she has not a shred of evidence whatsoever to tie Appellant to the crimes for which he spent years in prison. Therefore, by valid interpretation, under the law Appellant is presumed to be innocent, and Appellee's motion to dismiss states as much.

**B. Appellant is not seeking an advisory opinion, but rather has properly brought a declaratory judgment action to clarify his rights under the statute.**

The distinctive feature of an advisory opinion prohibited by law is that it decides abstract questions of law without binding the parties. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). A request for an advisory opinion is characterized by seeking a redress for a hypothetical injury rather than remedying an actual or imminent harm. *Id.*

Appellant did not seek an advisory opinion. Appellant sought to have an affirmation of his status as an actually innocent person under § 103.001 by means of a declaration of the trial court holding that Appellant qualifies as a person who is actually innocent. The question – which is not an abstract one – that Appellant wishes to be determined by the trial court is whether Appellant's standing is functionally equivalent to that of someone who has been granted a writ of habeas corpus.

Appellant's injury is very real and not remotely hypothetical. He has spent nearly 9 years of his life imprisoned for murders he did not commit – a good part of that time spent in isolation on Death Row – and has now been denied the compensation that he justly deserves for those wasted years. The trial court's interpretation and clarification of § 103.001 would provide remedy for the

27

injustices Appellant has suffered, and that court is authorized to make that call by virtue of our statutorily created Declaratory Judgments Act.

**C. Appellant presented a jusiciable issue regarding the deprivation of his property        rights to compensation and his reputation without receiving an adequate forum in    which to litgate those claims.**

Appellant presented a justiciable issue by requesting a forum in which to litigate his property right to compensation under the statute and his property right to his reputation.  Appellant can demonstrate that he is entitled to compensation under § 103.001, and can demonstrate that he is "actually innocent" and thereby vindicate his right to his reputation.  Due process demands that Appellant be given a forum in which to vindicate his property rights.

The State's interpretation of the statute is improperly narrow and has resulted in an unconstitutional deprivation of Appellant's property right in the compensation that he is due, as well as having prevented him from effectively clearing his name and reputation from the taint of over eight years spent wrongfully imprisoned for murders he did not commit.[2] "Where a person's good

---

[2] The U.S. Supreme court has held that although reputation alone does not implicate the Due Process Clause, when coupled with another liberty or property interest due process is implicated. See *Paul v. Davis*, 424 U.S. 693 (1976). Even so, "[w]here the State attaches 'a badge of infamy' to the citizen, due process comes into play." *Wieman v. Updegraff*, 344 U.S. 183, 191 (1952)

name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). If an individual is deprived of a property right, the government must afford an appropriate and meaningful opportunity to be heard consistent with the requirements of procedural due process. *McAllen Hospitals, L.P. v. Suehs*, 426 S.W.3d 304 (Tex. App.—Amarillo 2014, no pet.).

Property interests protected by procedural due process extend well beyond actual ownership of real estate, chattels or money. *Bd. of Regents of State Colleges v. Roth*, 400 U.S. 564, 571-72 (1972). An individual's property interest is protected, creating due process rights, if he has a legitimate claim of entitlement that is created, supported, or secured by rules or mutually explicit understandings. *Stratton v. Austin Ind. Sch. Dist.*, 8 S.W.3d 26, 29 (Tex.App.—Austin 1999, no pet.).

Appellant's property interest has been created by the legislature's intent that the wrongly imprisoned be compensated for the time taken away from them during which they sat in prison while innocent. Appellant has so far been denied due process in that he has been afforded no opportunity to have clarified his rights and status under § 103.001, even though he is equally situated to someone who has spent years wrongfully in prison and then received either a pardon or received a writ of habeas corpus. The trial court has the authority to grant Appellant the due

process opportunity he requests by interpreting and affirming his rights under § 103.001.

Appellee has argued that Appellant's action is not permitted under Texas law because the DJA cannot be used to declare a person's guilt or innocence of a crime. Appellee cited *Trantham v. Isaaks*, 218 S.W.3d 750 (Tex.App.—Fort Worth 2007, pet. denied) in support of her misplaced argument that Appellant cannot use the DJA as a vehicle to determine any potential criminal liability. Appellant is not requesting that the trial court remove any potential future criminal liability. Neither is Appellant seeking to enjoin Appellee from any future action based on any criminal prosecution she may wish to pursue. Appellant is requesting a clarification of his status under § 103.001, which is a civil statute and not a penal statute as discussed in *Trantham*. In the very paragraph to which Appellee cites, the *Trantham* court held that "[t]he Declaratory Judgments Act [was] a remedial statute designed to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Trantham v. Isaaks*, 218 S.W.3d at 753; TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b). Appellant is requesting exactly this – that his rights and status under § 103.001 be clarified and settled by means of a declaration that he qualifies as a person actually innocent for the purposes of the statute. These are rights that Appellant maintains at present because of the DNA exoneration and the complete lack of any other evidence that

30

he has committed any crime.

**III. The trial court erred when it granted the plea to the jurisdiction because the Open Courts Provision of the Texas Constitution provides jurisdiction over Appellant's action.**

The trial court committed error when it granted the plea to the jurisdiction because Appellant established jurisdiction over his action under the Open Courts Provision of the Texas Constitution. The Open Courts Provision (Article I, sec. 13) states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

The Texas Supreme Court in *LeCroy v. Hanlon*, 713 S.W.2d 335, 329 (Tex. 1986), gave a broad construction to this provision, noting that the language of the provision indicated the legislature's intent to provide a right of access to the courts for the vindication of all injuries, including injuries to property and reputation:

The provision's wording and history demonstrate the importance of the right of access to our courts of law. The provision's wording indicates the extremely high value the drafters and ratifiers placed on our right of access to the courts. First, the language is mandatory: '*shall* be open' and '*shall* have remedy by due course of law.' Further, it is all-inclusive: '*all*' courts are to be open; 'for *every* person'; for *all* interests, 'lands' (real property), 'goods' (personal property), 'person' (body and mind), and 'reputation' (good name); *at all times*, since there is no emergency exception. This all-inclusive language contrasts with the qualifying

language used in other sections.

*Id.* In the present case, Appellant seeks access to the courts for an opportunity to vindicate his interests to property and his reputation, which falls within the scope of the Court's interpretation of the Open Courts Provision in *LeCroy*.

The Court also pointed out that that "[e]very Texas constitution has contained an open courts provision with identical wording." *Id.* "Besides an open courts provision, every Texas constitution has also included a separate due process provision." *Id* at 341. "The open courts provision must have been intended to provide rights in addition to those in the due process provision or the former would be surplusage." *Id.*

"The Open Courts Provision specifically guarantees all litigants the right to redress their grievances – to use a popular and correct phrase, the right to their day in court." *Nelson v. Krusen*, 678 S.W.2d 918, 921 (Tex. 1984). The constitutional guarantee of a remedy by due course of law is a substantial right. *Id.* Appellant has the right to have his "day in court" and to prove that he functionally fits within the parameters of the compensation statute, and the Open Courts Provision ensures that Appellant's right to be heard is secure. Appellant spent years of his young life in prison – some in solitary on Death Row – for a crime the state now has indisputable evidence that he did not commit. The legislature has enacted a statute specifically for people in Appellant's situation. The legislature has no power to

make a remedy by due course of law contingent on an impossible condition. *Id* at 921. The Open Courts Provision provided the trial court with jurisdiction over Appellant's request for clarification of his rights under the statute.

**IV. The trial court erred when it granted the plea to the jurisdiction because Appellant was not seeking a civil court determination of a criminal issue, but rather was properly seeking a civil court's construction of a civil statute.**

The trial court erred when it granted the plea to the jurisdiction, because Appellant was properly seeking a civil court's construction of a civil statute, and was not seeking a civil court determination of a criminal matter.

Despite Appellee's insistence that this matter be categorized as a criminal one, this is a civil claim – a request for declaratory judgment to determine Appellant's rights and status under the Tim Cole Act, which is a *civil* statute and not part of the penal code, for statutory construction. Petitioner is not requesting a criminal trial or any binding declaration of criminal law. He requested that the trial court interpret § 103.001 in light of his circumstances and affirm that it functionally applies to Petitioner's situation, thereby making available Petitioner's right to compensation. TEX. CIV. PRAC. REM. CODE § 103.001. The trial court has jurisdiction – and the statutory and constitutional obligation – to interpret and

33

clarify statutes in a declaratory judgment action. *Brennan v. City of Willow Park*, 376 S.W.3d 910 (Tex.App.—Fort Worth 2012, pet denied); TEX. CIV. PRAC. REM. CODE ANN. § 37.004.

In her plea to the jurisdiction, Appellee cited *State v. Morales*, 869 S.W.2d 941 (Tex. 1994) in support of her position that the trial court had no jurisdiction to issue the declaratory judgment Appellant requested. C.R. at 316-318. *Morales* involved a suit brought to enjoin the enforcement of a criminal statute proscribing sodomy on grounds that it violated the privacy rights of consenting adults. The *Morales* court held that it had no jurisdiction to issue the declaratory judgment requested because it was not shown that the respondent would engage in the activity the petitioner sought to enjoin, namely prosecution. There was no showing that the statute had ever been or would ever be prosecuted or that any property rights had been impinged. The petitioners in that case could not claim a specific instance in which their property rights were affected by the statute. *Morales* is worlds apart from the issue at hand.

Appellant does not seek to enjoin the enforcement of any criminal statute.[3] He requested that his status be clarified under a civil statute – a statute with a legislatively-designed purpose to deal with former prisoners and former criminal

---

[3] Even so, civil courts *do* have the jurisdiction to address the validity of penal statutes in limited circumstances. *City of Longview v. Head*, 33 S.W.3d 47 (Tex.App.—Tyler 2000, no pet.)

34

matters. Appellant's property rights have been affected in the most egregious way – almost nine years of his life were spent in a state correctional facility. Further, the Texas legislature has provided a means for wrongly convicted prisoners in exactly Appellant's situation to recoup the loss of their property rights and, in a small way, be repaid for the gross injustice handed to them by the State. The Tim Cole Act is clearly a civil statute creating a remedy for a person wrongly treated under penal law. Thus, Appellee's argument that no Texas court has jurisdiction to use a civil remedy to obviate an action involving penal law is faulty.

When the Court of Criminal Appeals overturned Appellant's underlying criminal conviction but stated that the evidence of Petitioner's guilt was legally sufficient for a re-trial, the DNA evidence showing without a doubt that someone else had committed the crime had not yet been released and therefore was not within the Court of Criminal Appeals' knowledge. C.R. 11-12. The re-trial that the Court of Criminal Appeals held the state was entitled to bring never occurred because the State acknowledged that its only evidence connected to the actual murderer showed that Appellant *did not* commit the crime. The State then voluntarily moved to dismiss the case. This same evidence proves that Appellant is innocent.

Appellee cannot continue to rely on the decision by the Court of Criminal Appeals as justification for some hypothetical future prosecution she may or may

not someday bring against Appellant. The statements that Appellee repeatedly referred to from the Court of Criminal Appeals decision – most specifically, the statement that the evidence is sufficient for retrial – are now clearly moot because the State itself has produced the evidence that disproves any case they were going to bring against Appellant. *See, e.g.*, C.R. 267. Appellant will not be retried for murder at any time, as Appellee purports, because the State has **no evidence** that Appellant committed this crime. The evidence the State has injected into this case exonerates Appellant without question.

The evidence shows that Appellant is innocent. Appellant is requesting that the Court affirm his status under the law.

**V. The trial court erred when it granted the plea to the jurisdiction because Appellant's state court action was not barred by his earlier federal action.**

The trial court erred when it granted the plea to the jurisdiction because Appellant's state court action was not barred by his earlier federal action. Although irrelevant to the matter at hand, Appellant's suit in federal court was dismissed without prejudice on grounds of jurisdiction completely unrelated to this action. C.R. 213-14. Appellant's case was dismissed based on three issues, those being (1) Eleventh Amendment immunity, (2) mandamus, and (3) standing. *Id.* at 218-26. None of these issues apply to the case at hand.

### i. Eleventh Amendment immunity.

The federal court held that Eleventh Amendment immunity barred Petitioner's suit against the State. *Id*. at 223. That issue is not relevant here because Appellant has not sued the State. Appellee has been designated as a party in interest, *not* a Defendant. Appellant is not suing Appellee on a theory of liability or for damages.

### ii. Mandamus.

The federal court held that it – as a federal court – did not have authority to issue a mandamus to a state official. *Id.* In this case, Appellant has not requested a mandamus, nor is the issue of mandamus relevant at this point. Therefore, that issue is not present in this case. Furthermore, even if Appellant had requested a mandamus, this jurisdictional issue would not be problematic because state courts are authorized to issue mandamus to state officials. See *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) ("[A] writ of mandamus may issue in a proper case to correct a clear abuse of discretion by a public official."); *Hinojosa v. Tarrant County*, 355 S.W.3d 812, 816 (Tex.App.—Amarillo 2011, no pet.) ("A district court possesses mandamus jurisdiction over county officials.").

### iii. Standing.

The federal court held that it did not have the authority to redress the wrong Appellant alleged in his federal complaint, and therefore Appellant failed the redressability prong of the standing analysis. C.R. at 225-26. In this case, the trial

court did have the authority to redress the wrong Appellant alleges because the trial court has the authority to interpret and properly construe a state statute and clarify Appellant's right under that statute by declaratory judgment. *Trantham v. Isaaks*, 218 S.W.3d at 753; TEX. CIV. PRAC. REM. CODE ANN. § 37.002(b). In fact, the purpose of declaratory judgment is to obtain a clarification of one's rights. *City of Longview v. Head,* 33 S.W.3d 47, 50 (Tex.App.—Tyler 2000, no pet.). In construing the statue, a court's primary objective is to give effect to the legislature's intent by considering the plain meaning of the enactment, even looking to the history and purpose of the statute if necessary. *Autoflex Leasing, Inc. v. Manuf. Auto Leasing, Inc.,* 16 S.W.3d 815, 817 (Tex.App.—Fort Worth 2000, pet. denied).

A federal court's dismissal of Appellant's action for want of jurisdiction should not be interpreted as a bar to Appellant's ability to bring his request in another court in Texas. Appellant brought his request to the trial court precisely because the federal court did not have jurisdiction. The trial court, however, does have that jurisdiction. Appellant is requesting a clarification and interpretation of § 103.001 and an affirmation of his rights under it. This declaration is well within the trial court's power to grant and therefore the trial court has the power to redress the harm Appellant has suffered. The redressability issue present in the former federal case is not an issue in the present action.

## PRAYER

For the foregoing reasons, Appellant respectfully requests that the judgment of the trial court in granting a plea to the jurisdiction be reversed, and that the case be remanded to the trial court for further proceedings.

Respectfully submitted,

**ATTORNEYS FOR APPELLANT**
**ROBERT BURNS SPRINGSTEEN IV**

**Broadus A. Spivey**
Texas Bar No. 00000076
LAW OFFICES OF BROADUS A. SPIVEY
3303 Northland Drive, Suite 205
Austin, Texas 78731
Tel. 512-474-6061 Fax 512-474-1605
bas@spivey-law.com

**James W. Hackney**
Texas Bar No. 08671000
LAW OFFICES OF JIM HACKNEY
5109 McDade Dr.
Austin, TX 78735
Tel. 512-422-3956
jim@jameshackneylaw.com

**Charles F. Baird**
Texas Bar No. 00000045
**Amber Farrelly**
Texas Bar No. 24069671
BAIRD☆FARRELLY CRIMINAL DEFENSE
2312 Western Trails Blvd Ste. 102-A
Austin, TX 78745
Tel. 512-804-5911
jcfbaird@gmail.com   adfelaw@gmail.com

By: *Broadus A Spivey*
Broadus A. Spivey

## CERTIFICATE OF COMPLIANCE

I certify that the computer program used to prepare this document reported that there are 6,870 words in the pertinent parts of the document, per TRAP 9.4(i)(2).

By: *Broadus A Spivey*
Broadus A. Spivey

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2015, a true and correct copy of the foregoing Appellant's Brief was served on the following counsel of record by the means indicated:

*Via e-file*
Patrick M. Kelly
Andrew M. Williams
Sherine E. Thomas
Travis County Attorney's Office
P.O. Box 1748
Austin, Texas 78767
512-854-9512
512-854-4808
Pat.kelly@co.travis.tx.us
Andrew.williams@co.travis.tx.us
Sherine.thomas@co.travis.tx.us

By: *Broadus A Spivey*
Broadus A. Spivey

No. 03-14-00739-CV

EX PARTE ROBERT BURNS SPRINGSTEEN IV,

Appellant,

_____

APPELLANT'S APPENDIX
_____


LIST OF DOCUMENTS


**Tab A** .................... October 16, 2014 Order Granting Plea to the Jurisdiction

**Tab B** ............................................................. Texas Constitution art. I, §13

**Tab C** .................................. TEX. CIV. PRAC. & REM. CODE ANN. § 103.001

**Tab D** .................................... October 28, 2009 State's Motion for Dismissal

**Tab E** .............June 24, 2009 Press Release by Travis County DA Lehmberg

**Tab F** .......................... March 3, 2014 Request for Process in Bexar County

41

# TAB

# "A"

**CAUSE NO. D-1-GN-14-001847**

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **ROBERT SPRINGSTEEN, IV** | § | **OF TRAVIS COUNTY, TEXAS** |
| | § | |
| | § | |
| | § | **353RD JUDICIAL DISTRICT** |

Filed In The District Court
of Travis County, Texas
OCT 17 2014
At _____ 4:45 p.m.
Amalia Rodriguez-Mendoza, Clerk

## ORDER GRANTING TRAVIS COUNTY DISTRICT ATTORNEY LEHMBERG'S PLEA TO THE JURISDICTION

On this day to be heard Travis County District Attorney Rosemary Lehmberg's Plea to the Jurisdiction and after considering the pleadings, evidence and arguments of counsel, the Court finds the Plea to the Jurisdiction is meritorious and should be GRANTED.

Therefore, it is ORDERED, ADJUDGED, AND DECREED that Travis County District Attorney Rosemary Lehmberg's Plea to the Jurisdiction is in all things Granted.

IT IS THEREFORE ORDERED that Defendant's Plea to the Jurisdiction is in all things GRANTED and this cause is DISMISSED with prejudice to the re-filing of the same.

SIGNED this __16__ day of __October__, 2014.

_____
PRESIDING JUDGE

# TAB

# "B"

Texas Constitution, Article I, Section 13:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

# TAB

# "C"

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 5. Governmental Liability
      Chapter 103. Compensation to Persons Wrongfully Imprisoned (Refs & Annos)
        Subchapter A. Eligibility; Notice of Eligibility

V.T.C.A., Civil Practice & Remedies Code § 103.001

§ 103.001. Claimants Entitled to Compensation and Health Benefits Coverage

Effective: September 1, 2011
Currentness

(a) A person is entitled to compensation if:

(1) the person has served in whole or in part a sentence in prison under the laws of this state; and

(2) the person:

(A) has received a full pardon on the basis of innocence for the crime for which the person was sentenced;

(B) has been granted relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced; or

(C) has been granted relief in accordance with a writ of habeas corpus and:

(i) the state district court in which the charge against the person was pending has entered an order dismissing the charge; and

(ii) the district court's dismissal order is based on a motion to dismiss in which the state's attorney states that no credible evidence exists that inculpates the defendant and, either in the motion or in an affidavit, the state's attorney states that the state's attorney believes that the defendant is actually innocent of the crime for which the person was sentenced.

(b) A person is not entitled to compensation under Subsection (a) for any part of a sentence in prison during which the person was also serving a concurrent sentence for another crime to which Subsection (a) does not apply.

(c) If a deceased person would be entitled to compensation under Subsection (a)(2) if living, including a person who received a posthumous pardon, the person's heirs, legal representatives, and estate are entitled to lump-sum compensation under Section 103.052.

(d) Subject to this section, a person entitled to compensation under Subsection (a) is also eligible to obtain group health benefit plan coverage through the Texas Department of Criminal Justice as if the person were an employee of the department. This subsection does not entitle the person's spouse or other dependent or family member to group health benefit plan coverage. Coverage may be obtained under this subsection for a period of time equal to the total period the claimant served for the crime for which the claimant was wrongfully imprisoned, including any period during which the claimant was released on parole or to mandatory supervision or required to register under Chapter 62, Code of Criminal Procedure. A person who elects to obtain coverage under this subsection shall pay a monthly contribution equal to the total amount of the monthly contributions for that coverage for an employee of the department.

(e) Notwithstanding Section 103.053(c), annuity payments may be reduced by an amount necessary to make the payments required by Subsection (d), and that amount shall be transferred to an appropriate account as provided by the comptroller by rule to fund that coverage.

**Credits**

Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 2001, 77th Leg., ch. 1488, § 1, eff. June 15, 2001; Acts 2009, 81st Leg., ch. 180, § 2, eff. Sept. 1, 2009; Acts 2011, 82nd Leg., ch. 698 (H.B. 417), § 2, eff. June 17, 2011; Acts 2011, 82nd Leg., ch. 1107 (S.B. 1686), §§ 1, 2, eff. Sept. 1, 2011.

Notes of Decisions (31)

V. T. C. A., Civil Practice & Remedies Code § 103.001, TX CIV PRAC & REM § 103.001
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

# TAB

# "D"

CAUSE #     D1-DC-99-6015
            D1-DC-99-6016
            D1-DC-99-6017
            D1-DC-99-6018

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 167TH JUDICIAL DISTRICT |
| | § | |
| ROBERT SPRINGSTEEN | § | TRAVIS COUNTY, TEXAS |

## STATE'S MOTION FOR DISMISSAL

COMES NOW the State of Texas by and through its District Attorney and files this Motion for Dismissal in the above numbered and entitled causes and would respectfully show the Court the following:

I.

In March of 2008, the State submitted, inter alia, a vaginal swab from one of the victims, Amy Ayers, to Fairfax Identity Laboratories for DNA testing using the YSTR technique. This type of DNA testing was previously unavailable. The testing revealed a male donor whose identify is unknown to the State.

II.

On June 24, 2009 the State sought for the first time a continuance in the case on the grounds that it was continuing the investigation to learn the identity and involvement of this unknown male. The Court granted the continuance and set the case for a hearing on August 12, 2009. The Court on August 11, 2009 entered a written order stating that it would deny any further Motion for Continuance by the State on grounds identical to those offered at the June 24, 2009 hearing and set the case for October 28, 2009. The State is continuing its testing to identify the male donor.

III.

The State's only viable option at this time is to seek a dismissal pending further investigation given the Court's written order that it would deny any further State continuances and the fact that the State has not yet identified the male donor.

Filed In The District Court
of Travis County, Texas

OCT 28 2009

At_____ 1:39 P M. S
Amalia Rodriguez-Mendoza, Clerk

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests that the Court grant the State's Motion for Dismissal.

Respectfully Submitted,

Rosemary Lehmberg
District Attorney
Travis County, Texas

## Certificate of Service

By signature above, the attorney for the State hereby certifies that a true and correct copy of the foregoing State's Motion for Continuance was delivered to the Attorney for the Defendant, James Sawyer, on this the 29ᵗʰ day of October, 2009.

# TAB

# "E"



# Rosemary Lehmberg ⋆ Travis County District Attorney

P.O. Box 1748 Austin, Texas 78767 • Telephone: 512-854-9400 • Fax: 512-854-9534
e-mail: district.attorney@co.travis.tx.us • www.traviscountyda.org

**For Immediate Release**
June 24, 2009

Contact:  Rudy Magallanes
512-854-9398

Travis County District Attorney Rosemary Lehmberg today issued the following statement:

Today I requested a continuance in the case against Michael Scott, a defendant in the Yogurt Shop murders, whose trial was scheduled to begin on July 6th. Judge Mike Lynch granted that motion but also released both Michael Scott and Robert Springsteen on personal bond, as he indicated he would do in his previous scheduling order.

Requesting a delay in the case was a difficult decision but one that I believe is the best course toward an ultimate successful prosecution of this important matter.

Knowing that Judge Lynch would release both defendants, we requested certain conditions on their bonds, requiring them to remain in Travis County and report to the Court any change of residence, to have no contact with the victims' families or witnesses, that they not carry weapons or consume alcohol or illegal drugs, that they report to the Court on a routine basis and attend all court appearances.

As you know, both Springsteen and Scott were convicted by juries in June of 2001 and September of 2002. Their convictions were then overturned by the appellate court, but their statements to law enforcement were found to be voluntarily given.

Since the original trial of these two men, new developments in DNA technology have become available. As we prepared for retrial, in March of 2008, we submitted various evidentiary items for what is called YSTR testing. This test looks for male DNA only and is deemed to be the most accurate test for samples that are mixtures of female and male DNA, as in this case.

We sought this testing because we have an ongoing duty and responsibility to use the most up to date science available, to seek the truth in this and all the cases we prosecute.

-MORE-



PETITIONER'S
EXHIBIT
**5**

Criminal Justice Center • 509 West 11th Street • Austin, Texas 78701

Currently, it is clear to me that our evidence in the death of these four young women includes DNA from one male whose identity is not yet known to us. The defense asserts that the testing reveals more than one unknown male, but the evidence presented at the hearing on Thursday, June 18th contradicts that notion.

The reliable scientific evidence in the case presents one, and one only, unknown male donor. Given that, I could not in good conscience allow this case to go to trial before the identity of this male donor is determined, and the full truth is known. I remain confident that both Robert Springsteen and Michael Scott are responsible for the deaths at the Yogurt Shop but it would not be prudent to risk a trial until we also know the nature of the involvement of this unknown male.

My office and the Austin Police Department remain committed to these cases. Their further investigation will continue to be a priority. My commitment to the victims, their families and this community is that we will not give up until all of the people responsible for these terrible and tragic murders are brought to justice.

###

# TAB

# "F"

FILED
3/3/2014 7:53:18 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Roxanne Mujica

CIT CML/SAC 2



# Donna Kay McKinney
# Bexar County District Clerk

## Request for Process

### D-1-GN-14-001847   353RD   _____

**Style:**

Robert Burns Springsteen, IV - EX PARTE
_____

**Vs.**                                    **District Court** 288 _____

Rosemary Lehmberg - INTERESTED PARTY
_____

**Request the following process:** (Please check all that Apply)

**Citation** ■ Notice ☐ Temporary ☐ Restraining Order ☐ Notice of Temporary Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept without a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**

**Name:** Rosemary Lehmberg
**Registered Agent/By Serving:** Travis County District Attorney
**Address** P.O. Box 1748, Austin, Texas
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
■ *Certified Mail* ☐ *Registered Mail*   ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**2.**

**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail*   ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**3.**

**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail*   ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**4.**

**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail*   ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**Name of Attorney/Pro se:** Broadus A. Spivey   **Bar Number:** 00000076
**Address:** 48 East Avenue   **Phone Number:** 512-474-6061
Austin, TX 78701

**Attorney for Plaintiff** X_____ **Defendant** _____ **Other** _____

****IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED****